TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: Matthew.Cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-24-7998-TUC-JCH-LCK |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| Christian Ali Flores-Lugo, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following Sentencing Memorandum regarding the above-captioned defendant's sentencing:

1.      The matter is set for sentencing on January 5, 2026.

2.      This case originated from an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). On September 8, 2022, Mexican law enforcement officials recovered 32 firearms, 4,536 magazines, and 3,045 rounds of ammunition from an abandoned National Guard truck in Nogales, Sonora, Mexico. About a month after the seizure, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agents began running traces of the firearms and learned about the defendant. Three of the firearms recovered from the seizure in Sonora were traced to individuals who purchased the firearms and then sold them to the defendant on July 1, August 8, and August 9, 2022.

3.      On April 11, 2023, ATF SA Brett Adler interviewed Jorge Badilla-Iriarte about an AK-47 he purchased that was seized in Mexico 29 days after he purchased the

firearm. Badilla-Iriarte told SA Adler that he purchased the AK for the defendant on August 10, 2022. He further stated that his cousin, Sebastian Badilla, also purchased an AK for the defendant on the same date.

4. On June 5, 2023, SA Adler interviewed the defendant at his place of employment, and the defendant stated that he bought firearms for an individual named Angel Francisco, who worked for two other men, "Cesar" and Josue Sainz-Carioga. The defendant told SA Adler that he was paid $300 per firearm, that he got those three men nine or ten guns, mostly off Armslist.com, and that the three men were using a landscaping truck to take firearms to Mexico. The defendant also admitted selling a firearm to Octavio Sanchez, who was indicted on October 23, 2024, in case number CR-24-7596-TUC-RM-MAA.

5. On November 13, 2024, a Tucson grand jury returned a true bill of indictment against the defendant and Badilla-Iriarte, charging the defendant with smuggling items from the United States into Mexico and charging Badilla-Iriarte with straw purchasing. On July 16, 2025, the defendant pled guilty to the smuggling count pursuant to a written plea agreement that stipulated to a sentencing range of time served to the low end of his guideline range.

6. The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range is 57-71 months based on a total offense level 25 and criminal history category I. The probation department recommends the Court sentence the defendant to 57 months of jail and three years of supervised release. The defendant filed an Objection to the PSR and argues that his correct total offense level should be 23 instead of 25, which would result in a guideline sentencing range of 46-57 months. The government responded separately to that Objection and requested the Court deny it.

7. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of

the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

8.    Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement, deny the defendant's objection, and grant the defendant a variance. The government recommends a sentence of 30 months of incarceration and three years of supervised release. The defendant not only purchased nine to ten firearms for the men he identified to law enforcement agents, he got others involved in the scheme, and he attempted to cover his and others' involvement in the conspiracy. On top of all these aggravating factors, the defendant was a felon when he engaged in all those activities. The government was not able to charge the defendant with prohibited possession of a firearm because his felony conviction does not qualify under current Ninth Circuit law. The government will further explain its position at the sentencing hearing, currently set for January 4, 2026.

Respectfully submitted this 29th day of December, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 29th day of December, 2025, to:

Stephanie K. Bond, Esq.
Counsel for defendant

3